UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

JS-6

| | |
|---|---|
| Case No. 2:22-cv-05740-MCS-GJS | Date October 5, 2022 |
| Title *Boyer v. Am. Furniture Rentals, Inc.* | |

Present: The Honorable **Mark C. Scarsi, United States District Judge**

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION TO REMAND (ECF No. 18) (JS-6)

Plaintiff Rhonda R. Boyer moves to remand this case to the Los Angeles County Superior Court. (Mot., ECF No. 18.) Defendants American Furniture Rentals, Inc., Lauren Goldberg, and Alex Carril filed a brief opposing the motion, (Opp'n, ECF No. 24), and Plaintiff filed a reply, (Reply, ECF No. 25). The Court deems the motion appropriate for decision without oral argument and vacates the hearing set for October 17, 2022. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

## I.  BACKGROUND

This case concerns disability discrimination in employment. Plaintiff worked for American Furniture Rentals and claims that Goldberg, her supervisor, became critical of Plaintiff's performance and disparaged Plaintiff's after she became aware of Plaintiff's breast cancer diagnosis. Plaintiff alleges that Carril, a general manager, also knew of the diagnosis, ratified or approved Goldberg's conduct, and facilitated Goldberg's harassing conduct. Ultimately, Plaintiff was furloughed. (*See generally* Compl., ECF No. 1-4; FAC, ECF No. 1-10.)

After nearly two years of litigation in the state court, Plaintiff maintained one remaining claim against Carril for intentional infliction of emotional distress. (FAC ¶¶ 100–07; *see* Notice of Removal ¶ 8, ECF No. 1.) Carril filed a motion for summary judgment as to this claim, and Plaintiff filed an opposition brief. (Suppl. to Notice of Removal, vol. 8, at 55–61, ECF No. 22-3;[1] Lee Decl. Ex. 14, ECF No. 1-17.) Having reviewed Plaintiff's brief, Defendants removed the case to this Court six days before the state court hearing on Carril's motion. Defendants submit that Plaintiff's opposition made clear that her claim against Carril lacked merit, meaning that Carril was fraudulent joined to the action. (Notice of Removal ¶¶ 23–24; *see generally* Lee Decl. Ex. 14.)

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an action to federal court if the federal court could exercise original jurisdiction over the action. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction," and "[t]he defendant bears the burden of establishing that removal is proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). If a defendant fails to meet its burden of establishing subject-matter jurisdiction, the suit is remanded. 28 U.S.C. § 1447(c).

## III. DISCUSSION

Defendants invoke the Court's diversity jurisdiction, but they concede that Carril and Plaintiff are both California citizens. (Notice of Removal ¶¶ 2, 12, 15, 19, 25.) Defendants claim Carril was fraudulently joined to this action. (*Id.* ¶¶ 19–24; *see generally* Opp'n.) In evaluating diversity jurisdiction, the Court "may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *GranCare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018). "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). In evaluating a claim of fraudulent joinder, a court must remand "if there is a *possibility* that a state court would find that the complaint states

---

[1] The Court's pinpoint citations of the supplement to the notice of removal refer to the page numbers assigned by CM/ECF.

a cause of action against any of the [non-diverse] defendants." *Id.* (quoting *Hunter*, 582 F.3d at 1046). In this inquiry, "the district court must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Id.* at 550. There is a presumption against fraudulent joinder, and "defendants who assert fraudulent joinder carry a heavy burden of persuasion." *Tanner v. Ford Motor Co.*, 424 F. Supp. 3d 666, 670 (N.D. Cal. 2019).

Defendants contend the claim against Carril is inadequately pleaded. (Opp'n 5–6.) The state court rejected Defendants' argument over a year ago in an order overruling Defendants' demurrer. (Suppl. to Notice of Removal, vol. 10, at 446–49, ECF No. 23-1.) Here there is a *certainty*, not merely "a *possibility*[,] that a state court would find that the complaint states a cause of action." *GranCare*, 889 F.3d at 548 (internal quotation marks omitted). In any event, the Court cannot conclude that any perceived defect in the pleading of the claim could not be cured upon an amendment adding facts about Carril's "extreme and outrageous conduct." *Hughes v. Pair*, 46 Cal. 4th 1035, 1050 (2009) (internal quotation marks omitted) (discussing elements of intentional infliction of emotional distress); *see GranCare*, 889 F.3d at 550 (requiring courts to consider whether amendment could cure pleading defects).

Defendants also reiterate arguments Carril made in his motion for summary judgment that was pending in state court when Defendants removed the case. They contend that, after failing to seek evidence against Carril in the discovery period in state court, Plaintiff lacks evidence to support her claim, and her deposition testimony forecloses a judgment in her favor. (*See* Opp'n 6–11.) Essentially, Defendants ask the Court to adjudicate the merits of the claim against Carril. The Court cannot do so in a fraudulent joinder inquiry. The Ninth Circuit has instructed district courts to conduct only a "summary inquiry" into fraudulent joinder. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)); *see also GranCare*, 889 F.3d at 548–49 ("We have declined to uphold fraudulent joinder rulings where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal."). Thus, although district courts are authorized to pierce the pleadings and consider evidence in evaluating fraudulent joinder, *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001), courts frequently decline to adjudicate the merits of claims in a summary judgment–like fashion in this inquiry, *see, e.g.*, *Randall v. Cambria Co., LLC*, No. EDCV 17-1362 JGB (KKx), 2017 U.S. Dist. LEXIS 130893, at *8–9 (C.D. Cal. Aug. 16, 2017) (collecting cases); *Amarant v. Home Depot U.S.A., Inc.*, No. 1:13-cv-00245-LJO-SKO, 2013 U.S. Dist. LEXIS 87990, at *31 (E.D. Cal. June 17,

2013) ("While the Court might predict how a state court would assess the evidence in deciding a motion for summary judgment, this is not the Court's role in performing the fraudulent joinder analysis nor is it certain that a state court would reach the predicted conclusion, particularly since additional evidence may be presented at the time of summary judgment."); *Dahmen v. McNeil-PPC, Inc.*, No. CV 12-10371-GW (CWx), 2013 U.S. Dist. LEXIS 199277, at *4 (C.D. Cal. Jan. 14, 2013) ("[N]otwithstanding the fact that Defendants are entitled to present facts, by way of summary judgment-type evidence, in order to demonstrate fraudulent joinder, the Court is not required to resolve the merits of Plaintiffs' claim at this stage."). On this basis, the Court declines Defendants' invitation to render a judgment as to whether Plaintiff's claim against Carril has merit. The state court should have decided the merits of the claim in the first instance upon Carril's motion for summary judgment. Removal deprived that court of the opportunity to do so.

For these reasons, the Court cannot conclude Carril was fraudulently joined to the action. Accordingly, diversity jurisdiction is lacking, and the case must be remanded under 28 U.S.C. § 1447(c). The Court declines to award costs and fees because Plaintiff did not request them in the motion. *See id.*

Plaintiff also asserts that Defendants' removal was untimely. (Mot. 6; Reply 1–2.) Because the jurisdictional issue is dispositive, the Court does not reach this procedural argument. Notwithstanding, if the state court dismisses Carril from the action, the remaining Defendants should carefully consider the propriety of removing the action again given the late stage of the case. *See Capretto v. Stryker Corp.*, No. C 07-03390 WHA, 2007 U.S. Dist. LEXIS 66061, at *6 (N.D. Cal. Aug. 29, 2007) (finding removal untimely because 30-day removal clock triggered, at the latest, on the day defendants moved in state court for summary adjudication of claim against purportedly fraudulently joined defendant). (*Cf.* Suppl. to Notice of Removal, vol. 8, at 62 (displaying summary judgment motion filing date of June 2, 2022, over two months before removal).) This case was nearly ready for trial in state court, and this foray into federal court doubtlessly introduced months of delay. The Court declines to infer that Defendants sought removal with a dilatory purpose, but a second removal might raise such an inference. *See* Fed. R. Civ. P. 11(b)(1).

## IV.   CONCLUSION

The Court grants the motion and remands this case to the Los Angeles County Superior Court, No. 20STCV41020. The Court directs the Clerk to effect the remand immediately and close the case.

**IT IS SO ORDERED.**